UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
NOV 08 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 06-40100 |
| Plaintiff, | |
| vs. | REPORT and RECOMMENDATION (Motion to Suppress) |
| LINCOLN ZELO WILLIAMS, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion to Suppress Evidence (Doc. 8). A hearing was held on Monday, November 6, 2006. Defendant was personally present and represented by his counsel of record, Mr. Mike Hanson. The Government was represented by Assistant United States Attorney Mr. Jeff Clapper. Sioux Falls Police Detective Leroy Bingen testified at the hearing. Additionally, both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. Based on a careful consideration of all of the evidence, and counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be **DENIED**.

## JURISDICTION

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) and 924(k). The pending Motion to Suppress was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated February 1, 2002.

## FACTUAL BACKGROUND

Sioux Falls Police Detective Leroy Bingen was involved in an investigation regarding the Defendant, Lincoln Zelo Williams. TR 6. Mr. Williams was arrested on June 14, 2006. Id. He was incarcerated at the Minnehaha County Jail on burglary charges. TR 11. The charges in the instant Indictment stem from a handgun which was allegedly stolen during one of the burglaries. Id.

Between June 14th and June 21st, Mr. Williams contacted law enforcement personnel,

indicating he wished to speak with them. Id. At his own request, Mr. Williams was transported to the Law Enforcement Center, interviewed, and returned to the jail several times over the course of a week. Id. Mr. Williams left a message for Detective Bingen to return his call on June 21, 2006. TR 9. Detective Bingen recorded the conversation when he returned Mr. Williams' call. Id. During the two-minute conversation, Mr. Williams admitted being present when a gun was stolen. EX 1. Detective Bingen did not advise Mr. Williams of his *Miranda* rights during the telephone conversation. Mr. Bingen had been advised of his rights, however, at least four times in since his arrest on June 14th. TR 7-8.

## DISCUSSION

### Burden of Proof

"It is settled that the burden is on the defendant to establish that the evidence was unlawfully obtained. The government's only burden in admitting a confession into evidence is to show by a preponderance of the evidence that the confession was given voluntarily." United States v. Guerrero-Herrera, 590 F.2d 238, 242 (7th Cir. 1978)(citations omitted). See also, United States v. Bad Hand, 926 F.Supp. 891, 899 (D.S.D. 1996).

### The June 21, 2006 Conversation

A defendant who is in custody and has invoked his right to counsel pursuant to *Miranda* may not be interrogated further unless the defendant himself "initiates further communication, exchanges, or conversations with the police." United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2005) cert. den. 126 S.Ct. 2049, 164 L.Ed.2d 801, (2006) citing Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The purpose behind this rule is to prevent police from badgering a defendant into waiving his previously asserted rights. Holman v. Kemna, 212 F.3d 413, 417 (8th Cir. 2000) (citations omitted). It is undisputed Mr. Williams was in custody when he gave the June 21 statement. Mr. Williams, however, presented no evidence that he had previously invoked his right to silence or his right to counsel. Additionally, the Government presented un-controverted evidence that Mr. Williams initiated the June 21 conversation. The interview was therefore permissible pursuant to Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

Defendant asserts that although he initiated the conversation, it should be suppressed because Detective Bingen did not precede the telephone conversation with *Miranda* warnings. Mr. Williams, however, had been advised of his *Miranda* rights at least four times within the seven days

2

before the June 21 phone conversation. The Defendant has cited no authority, and none has been found, which requires re-administration of the *Miranda* warnings before each conversation with law enforcement officials. See United States v. Rodriguez-Preciado, 399 F.3d 1118, 1128 (9th Cir. 2005); Wyrick v. Fields, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982).

Finally, the Government bears the burden of proving the Defendant's statements were given voluntarily. The appropriate test is whether, in light of the totality of the circumstances, pressures exerted upon the suspect have overborne his will. United States v. Kime, 99 F.3d 870, 879 (8th Cir. 1996). A confession may not be found to be involuntary in the absence of some type of coercive activity by law enforcement. Id. There was no police coercion during this two minute phone conversation which was initiated by Mr. Williams. His will was not overborne and his statement was voluntary.

## CONCLUSION

Based on the foregoing, it is respectfully recommended to the District Court that Defendant's Motion to Suppress (Doc. 8) be **DENIED**.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 8th day of November, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By Shelly Margulies, Deputy