UNITED STATES DISTRICT COURT



DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | CR. 06-40100 |
| | * | |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION AND |
| - vs - | * | ORDER RE: SUPPRESSION |
| | * | |
| LINCOLN ZELO WILLIAMS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Lincoln Zelo Williams, has been charged with knowingly possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(k). Doc. 1. Defendant filed a Motion to Suppress, contending that he made statements to law enforcement while he was in jail without being first advised of his Miranda Rights. Doc.8. The Government opposed the motion. Magistrate Judge John E. Simko held an evidentiary hearing on the motion and filed a Report and Recommendation recommending that Defendant's Motion to Suppress be denied. Doc. 20. Defendant filed objections to the Magistrate's Report. Doc. 27. Upon review of the record and applicable law, this Court adopts the Magistrate's determination that Defendant's statements in the June 21, 2006, telephone conversation with Detective Leroy Bingen should not be suppressed, and denies Defendant's Motion to Suppress.

Defendant's one objection to the Report and Recommendation is that the case involves "an in custody questioning where the defendant had not first been advised of his Miranda rights." However, a "custodial interrogation" which triggers the duty to give *Miranda* warnings is defined as "'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), *quoted in Thompson v. Keohane* 516 U.S. 99, 107, (1995). The telephone interview on June 21, 2006, was initiated by Defendant, not Detective Bingen. Detective Bingen merely returned Defendant's telephone call.

Defendant had been interviewed by Sioux Falls Police officers on June 14, 16, and 19, 2006. Defendant was interviewed by a Special Agent with Alcohol, Tobacco and Firearms on June 15, 2006. Defendant had been advised of his *Miranda* Rights prior to each of these interviews. There is no evidence in the record to suggest that in the previous interviews Defendant had invoked either his right to remain silent or his right to counsel. The considerations in *Michigan v. Mosley*, 423 U.S. 96 (1975), and *Edwards v. Arizona*, 451 U.S. 477(1981), are not present in this case.

Had this been a questioning initiated by law enforcement with no re-administration of the *Miranda* warnings, this Court would have to consider whether the previous *Miranda* warnings had become stale. The facts of this case, however, do not require that determination to be made. Accordingly,

IT IS ORDERED:

(1)     That Defendant's objection to the Magistrate's Report and Recommendation is overruled;

(2)     That the Magistrate's Report and Recommendation dated November 8, 2006 (Doc. 20) is accepted ; and

(3)     That the Motion to Suppress (Doc. 30) is Denied.

Dated this **5** day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)     DEPUTY

2